IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MESSNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 0893 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| ANTHONY CALDERONE, individually and as the duly authorized agent, servant and/or employee of the Village of Forest Park, et. al., | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Messner ("Messner") brings this action against Defendants, Village of Forest Park ("Village"), Anthony Calderone, Michael Sturino, Vanessa Moritz, Theresa Steinbach, Sally Cody, Michael Boyle, Nettie Falbo (collectively the "Employees") and Richard Gray ("Gray"), pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his equal protection rights. The Village, the Employees, and Gray ("Defendants") move to dismiss Messner's equal protection claim; the Village seeks to dismiss the § 1983 municipal liability claim; Gray seeks dismissal of the claim against him on the basis that it is barred by the statute of limitations; and the Employees seek a dismissal of the claims against them in their official capacity.

For reasons stated herein, Defendants' Motion to Dismiss Messner's "class of one' equal protection claim and the Village's Motion to Dismiss the municipal liability claim are granted without prejudice. Gray's Motion to Dismiss Messner's equal protection claim pursuant to the two-

1

year statute of limitations and the Employees' Motion to Dismiss Messner's equal protection claims against them in their official capacity are granted with prejudice.

## PLAINTIFF'S ALLEGATIONS

At the motion to dismiss stage, all of the plaintiff's allegations are accepted as true. In March of 1999, Messner rented a single story residence ("original residence") from a private individual. Pl.'s Compl. ¶¶ 5, 6. In early 2001, the Village took ownership of the original residence, becoming Messner's landlord in a month to month tenancy. In January 2001, Messner noted multiple building code violations at the residence including a water-damaged ceiling, rodent infestation and inadequate heat. *Id*. at ¶ 8. Despite his repeated complaints to the building manager, Gray, the violations continued without remedy through November 2004. *Id*. at ¶¶ 10, 11. On December 14, 2004, Gray delivered a written Notice of Termination to Messner demanding vacancy by January 30, 2005. *Id*. at ¶ 15.

In January 2005, Messner acquired a new residence ("second residence") and applied for a home business license with the Village in order to continue operating his music production business out of the second residence. *Id*. at ¶ 18. Messner continued, however, to occupy the original residence, having negotiated a day-to-day lease with the Village Building Commissioner, Defendant Steinbach. *Id*. at ¶ 19. In late February 2005, Messner's application was approved, but Defendant Sturino refused to deliver it to him. *Id*. ¶¶ 20, 21. The Village Clerk issued a license to Messner on March 3, 2005. *Id*. at ¶ 22. On March 4, 2005, Sturino filed a forcible entry and detainer action against Messner for his failure to vacate the original residence. *Id*. at ¶ 23. Messner voluntarily vacated the original residence on March 25, 2005. *Id*. at ¶ 26. On March 28, 2005, judgment was

entered against Messner in the amount of $2,447.46, but the action was stayed by court order until April 11, 2005.  *Id*. at ¶¶ 27, 28.

Sometime after the order was entered, the Village entered the original residence and damaged and removed Messner's property.  *Id*. at ¶ 29.  Messner and the Village engaged in repeated correspondence regarding who would ultimately be responsible for the damage caused by the entry.  *Id*. at ¶¶ 30, 31.  On April 8, 2005 Messner filed a motion to vacate the March 28, 2005 judgment.  *Id*. at ¶ 32.  On April 12, 2005, the Village cleaned up an area adjacent to the original residence that Messner claimed had caused multiple building code violations.  *Id*. at ¶ 33.  Messner delivered photos documenting the clean-up to Defendant Steinbach.  The next day, the Village police told Messner that Steinbach had filed a criminal complaint against him due to Messner's threats directed toward Steinbach.  *Id*. at ¶ 35.

In January 2006, Messner filed a Freedom of Information Act request and the responsive documents revealed that the Mayor, Defendant Calderone, and the Deputy Village Clerk, Defendant Cody, filed the complaint against Messner as opposed to Steinbach.  *Id*. at ¶¶ 36-38.  On January 24, 2006, the Village Inspector, Defendant Boyle, visited Messner's second residence and stated afterward by email that he wanted to inspect the residence.  *Id*. at ¶ 39.  From February through April 2006, Boyle made at least two unannounced visits to Messner's second residence and sent several emails demanding more inspections.  *Id*. at ¶¶ 40, 41.

In March and April 2006, Messner requested a renewal of his home business license.  *Id*. at ¶¶ 43, 44, 46.  Defendant Falbo, a Village staff member claimed that renewals had not yet been processed, but the renewals were mailed on April 6, 2006.  *Id*.  When Messner inquired, Falbo stated that the Village Clerk, Defendant Moritz, instructed her not to give Messner a renewal form.  On

3

April 27, 2006, Messner met with Moritz and she stated that she and Boyle were refusing to renew Messner's license until he allowed Boyle to make an inspection of the second residence. *Id*. at ¶ 49. Messner subsequently applied for renewal of his home business license on April 30, 2006 which Moritz unilaterally denied on May 2, 2006. *Id*. at ¶ 50.

## STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the Plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Specifically, such set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

### Messner's "Class of One" Equal Protection Claim

Messner brings this action pursuant to § 1983 based upon a constitutional class of one theory alleging a denial of his equal protection rights.[1] In order to state a cause of action under § 1983 alleging a denial of equal protection under a class of one theory, a plaintiff must allege that (1) he was intentionally treated differently than those similarly situated, and (2) there is either no rational

---

[1] It does not appear from the Complaint that Messner intended to bring a state law claim for retaliatory eviction. To the extent that Messner intended to plead such a claim, it is dismissed on the basis that Messner failed to invoke this Court's supplemental jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim.

basis for the difference in treatment or such treatment was motivated by "totally illegitimate animus."

*McDonald v. Village of Winnetka,* 371 F.3d 992, 1001 (7th Cir. 2004) (internal citations omitted).

A complaint is subject to dismissal pursuant to 12(b)(6) when the plaintiff fails to allege that he was treated differently than similarly situated individuals. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (affirming a 12(b)(6) dismissal where the plaintiff failed to allege that he was treated differently than similarly situated employees who were *prima facie* identical in all relevant respects to the plaintiff). Although Messner's Complaint asserts that he was singled out for unequal treatment based on "malignant animosity" the Complaint is devoid of facts that he was treated differently than those similarly situated. First, Messner has not identified others that were similarly situated and second he has failed to plead that said individuals were treated differently. Accordingly, Messner's Complaint fails to state an equal protection claim under a class of one theory, and therefore, Defendants' Motion to Dismiss is granted without prejudice[2].

---

[2] Every litigant in this case appears to be a citizen of Illinois and Messner invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and his constitutional denial of equal protection. The equal protection clause, unlike the due process clause, does not require a showing of injury other than the denial of equal protection itself to confer standing in federal court. *Ritzel v. Milwaukee County*, 103 Fed. Appx. 7, 2004 U.S. LEXIS 12826 (7th Cir. 2004); citing *Sherwin Manor Nursing Center, Inc. v. Mcauliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). An equal protection cause of action accrues whenever a state denies to any person within its jurisdiction the equal protection of the law. *Sherwin*, 37 F.3d at 1220. Since Messner has taken the route of the equal protection clause, which does not require proof of a deprivation of life, liberty, or property, he has standing in federal court so long as he alleges that he has been intentionally treated differently from other similarly situated and that there is no rational basis for the difference in treatment. *Ritzel*, 103 Fed. Appx. at 8, 2004 U.S. LEXIS at 2; citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Bell v. Duperrault*, 367 F.3d 703 (7th Cir. 2003). The 7th Circuit has recognized class of one actions in which plaintiffs were denied licenses (*Esmail v. Macrane,* 53 F.3d 176 (7th Cir. 1995)) and permits (*Bell*) and therefore, this Court declines to dismiss Messner's claim with prejudice at this time on the basis of a lack of jurisdiction. That being said, not all conduct rises to the level of a constitutional violation. *Ritzel*, 103 Fed. Appx. at 9 , 2004 U.S. LEXIS at 4. Even though the equal protection clause does not require a showing of injury other than the denial of equal protection itself, a plaintiff must nevertheless allege something more than an expression of hostility to state a claim

**Messner's Municipal Liability Claim against the Village**

The Village seeks dismissal of Messner's § 1983 municipal liability claim. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for § 1983 violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A municipal governmental unit cannot be held liable under § 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Harden Food & Liquor, Inc. v. City of Chi.*, 2004 U.S. Dist. LEXIS 25934, 4 (N.D. Il. 2004); citing *Kujawski v. Board of Comm'rs. of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). To establish a policy or custom, a plaintiff must allege: (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to have the force of law; or (3) that the constitutional injury was caused by a person with final policymaking authority. *Id.*; *see also Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). The Village argues that Messner has not alleged any municipal policy, custom, or practice and this Court agrees. Not only does Messner fail to specify a plan, custom, or policy in his Complaint, he fails to allege that said plan, custom, or policy was responsible for the wrongful conduct and fails to identify a final policymaker that caused his injuries. Furthermore, Messner fails to plead the existence of a widespread practice, nor can he in light of the fact that his Complaint

---

under the Constitution. *Id.* What it does require, and what Messner may or may not be able to prove, is that the action taken by the Village must have been based on some sort of personal animus and that the Village sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position. *Id.;* citing *Hilton v. City of Wheeling,* 209 F. 3d 1005, 1008 (7th Cir. 2000). Verbal abuse accompanied by a special administrative burden can give rise to an equal protection claim, but teasing or derogatory references alone are not enough. *Id.* Morever, even in the context of the class of one case, Messner must identify similar situated persons who were treated differently. *Id.*

appears to allege that the Village's alleged animosity was directed toward Messner alone. Therefore, Messner's claim against the Village is dismissed without prejudice for failure to state a claim.

In addition to arguing that Messner's claim fails to plead a cause of action for equal protection, Gray filed a separate motion arguing that Messner's claim is barred by the applicable two year statute of limitations. In actions filed under § 1983, courts look to the statute in place for personal injury claims in the state where the injury occurred and personal injury actions in Illinois are subject to a two year statute of limitations. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); 735 ILCS 5/13-202 (2007). While the state tolling rules are used, the accrual of claims is governed by federal law. *Id*. Messner's § 1983 claim against Gray began to accrue when Messner knew or should have known that his constitutional rights were violated. *Id.;* citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). The inquiry includes two steps: the Court must first identify the injury, and then determine the date on which the Messner could have sued for that injury. *Id;* citing *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Messner's allegations directed toward Gray are found in paragraphs 5 through 15 of his Complaint. It appears that Messner began complaining to Gray about the building code violations as early as January 2001. Messner alleges that there was no heat in the building from September to November 2004 and that he complained to Gray throughout October and November about the lack of heat. Pl.'s Compl. ¶ 12, 13, 15. On December 1, 2004, the heat was turned on. *Id.* at ¶ 14. Messner alleges that on December 14, 2004, Gray delivered a written notice of termination demanding vacancy in response to Messner's complaints regarding the heat in the building . *Id*. at ¶ 13, 15. Although the order demanded vacancy by January 30, 2005, Messner pleads that he remained in the original residence, managed by Gray, until March 25, 2005. *Id.* at ¶ 26. Messner's Complaint was filed on February 15, 2007. There are no other facts in

7

Messner's Complaint directed toward Gray and Messner vacated the original residence in March 2005. Although Messner's Response brief does not address the statute of limitations argument directly, Messner argues that Gray's "wrongful actions" occurred when Messner made complaints about the condition of the residence and when Gray instituted a termination of tenancy in "response to Plaintiff (sic) complaints." (Messner's Resp. at pp. 6-7). There are no other allegations directed toward Gray following the December 14, 2004 written notice and Messner has not alleged that Gray continued to violate his constitutional rights beyond the institution of the tenancy termination. Messner's own allegations defeat his claim against Gray because he pleads that Gray's termination notice was in response to his building code violations. Accordingly, Messner knew or should have known that his rights were violated on December 14, 2004. Messner's Complaint against Gray was filed on February 15, 2007, after the passing of the statute of limitations, and therefore, Messner's Complaint against Gray is dismissed with prejudice on the basis that said Complaint is barred by the applicable statute of limitations.

**Messner's claim against the individual Employees in their official capacities**

Messner's claims against the Employees were brought against them in their individual and official capacities. Messner has also named the Village as a defendant. It is well established that a suit against government officers in their official capacities is equivalent to a suit against the municipality itself. *Jungles v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1989); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("'official capacity' claims against officials of local government are nothing more or less than suits against the local government itself"). Since Messner has already sued the Village in this action, his claims against the Employees in their official capacities are redundant. *See Smith v. Daley*, No. 94 C 920, 1994 WL 325749 at *3 (N.D. Ill. July

5, 1994) (dismissing claims against mayor and city council member with prejudice where plaintiff also sued the city). Therefore, Messner's claims against the Employees in their official capacities are dismissed with prejudice.

    For reasons stated above, Defendants' motions to dismiss Messner's "class of one' equal protection claim and the Village's motion to dismiss the municipal liability claim are granted without prejudice. Gray's motion to dismiss pursuant the two-year statute of limitations and the Employees' motion to dismiss the claims against them in their official capacity are granted with prejudice. So ordered.

                                                                            Virginia M. Kendall, United States District Judge
                                                                            Northern District of Illinois

Date: June 25, 2007