IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MESSNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 893 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| ANTHONY CALDERONE, individually and as the duly authorized agent, servant and/or employee of the Village of Forest Park, et. al., | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Messner ("Messner") originally brought this action against Defendants Village of Forest Park ("Village"), Anthony Calderone ("Calderone"), Michael Sturino ("Sturino"), Vanessa Moritz ("Moritz"), Theresa Steinbach ("Steinbach"), Sally Cody ("Cody"), Michael Boyle ("Boyle"), Nettie Falbo ("Falbo") (collectively the "Employees") and Richard Gray ("Gray") pursuant to 42 U.S.C. §1983 alleging that Defendants violated his rights under the Equal Protection Clause. This Court dismissed Messner's claims under §1983 and his municipal liability claims against the Village without prejudice and dismissed his claims against Gray and his claims against the Employees in their official capacity with prejudice in its order of June 25, 2007.

Messner filed his First Amended Complaint against the Village, the Employees, and the Reich & Becker Agency, Inc. and its officers and directors ("Reich & Becker"), both individually and in their official capacity pursuant to 42 U.S.C. §1983, alleging that Defendants violated his rights under the Equal Protection Clause as well as state law claims of retaliatory eviction and failure

1

to prosecute building code violations. The Village and the Employees moved to dismiss the First Amended complaint.

For reasons stated herein, the Motion to Dismiss Messner's First Amended Complaint is denied as to Messner's Equal Protection and municipal liability claims and granted as to Messner's claims of retaliatory eviction and failure to prosecute building code violations.[1]

## PLANTIFF'S ALLEGATIONS

At the motion to dismiss stage, all of plaintiff's allegations are accepted as true.[2] On or about March of 1999, Messner rented a single story residence ("original residence") from a private individual. 2d. Amend. Compl. ¶¶ 6, 7. In early 2001, the Village took ownership of the original residence and became Messner's landlord. *Id*. at ¶ 8. Messner became a month-to-month tenant in 2002. *Id*. at ¶¶ 10. Beginning in January of 2001, Messner noted multiple building code violations at the original residence including water damage, leaking, loose fixtures, rodent and insect infestation, and inadequate heat. *Id*. at ¶¶ 9, 13, 15. Messner repeatedly complained about the violations until November of 2005, but the Defendants took no action. *Id*. at ¶¶ 11, 12. In response to his complaints, Messner received a written notice of termination of the lease on December 14, 2004 demanding vacancy by January 30, 2005. *Id*. at ¶ 16. On March 25, 2005, Messner acquired a new residence within the Village ("second residence"). *Id*. at ¶ 18. He also continued to occupy the original residence, having negotiated a day-to-day lease with Village Building Commissioner

---

[1]Messner names the Employees as Defendants in his First Amended Complaint as he did in his Complaint. This Court dismissed Messner's claims against the Employees in their official capacity with prejudice in its opinion dismissing the Complaint. The claims against the employees in their official capacity thus remain dismissed with prejudice.

[2]Messner asserts facts not alleged in his First Amended Complaint in his response to the motion to dismiss. The Court does not consider these facts in its decision.

Steinbeck. *Id*. at ¶ 20.

In January of 2005, Messner applied for a home business license in order to continue operating his music writing and production business in the second residence. *Id*. at ¶ 19. The Village granted him a license in February of 2005, but Village Manager Sturino refused to give it to him. *Id*. at ¶¶ 21-22. On March 3, 2005, the Village clerk finally issued the license to Messner. *Id*. at ¶ 23.

On March 4, 2005, Sturino filed a forcible entry and detainer action against Messner for his failure to vacate the original residence. *Id*. at ¶ 24. Messner alleges that Sturino had no lawful basis for this action and filed it to retaliate against him. *Id*. at ¶¶ 25, 27. Messner vacated the original residence on March 25, 2005. *Id*. at ¶ 28. He filed a response to the action, arguing that he had a day-to-day lease with the Village. *Id*. at ¶ 34. At the hearing on the action, the Village presented two witnesses who falsely testified that Messner did not have a day-to-day lease on the original residence. *Id*. at ¶¶ 29-32, 35-36. The presiding judge entered judgment against Messner for $2,447.46, but the action was stayed by court order on March 28, 2005. *Id*. at ¶ 41-42.

On March 29, 2005, John Gray Carpet Cleaning Company unlawfully entered the original residence and removed carpeting, and on April 1, 2005, Messner received a letter from Cody stating that his security deposit would be held to pay for damages to the carpet. *Id*. at ¶¶ 43, 47. He responded by sending Steinbach a letter alleging that the Village had violated his day-to-day lease, including photographs of the building code violations. *Id*. at ¶ 49. On April 8, 2005, Messner filed a motion to vacate the March judgment and included the same photos of the building code violations. *Id*. at ¶ 50. Soon thereafter, the Village cleaned up the area around the original residence that caused the code violations. *Id*. at ¶¶ 51-54.

On April 15, 2005, police told Messner that Steinbach had filed a complaint against him alleging that he had threatened her. *Id.* at ¶ 55. After filing a Freedom of Information Act ("FOIA") request, Messner found out that the complaint was actually filed by Mayor Calderone. *Id.* at ¶ 57. Messner states that nothing in this complaint report is true. *Id.* at ¶ 58. On January 24, 2006, Defendant Boyle visted the second residence and afterward repeatedly asked to inspect the property. *Id.* at ¶¶ 59-60.

In March of 2006, Messner requested a renewal of his home business license. *Id.* at ¶ 66. Falbo, a village staff member, claimed that renewals had not yet gone out. *Id.* at ¶ 69. However, renewal invoices had been sent to all existing businesses except Messner. *Id.* at ¶ 72. When Messner inquired, Falbo stated that the Village Clerk, Moritz, instructed her not to give Messner a renewal form or business license. *Id.* at ¶ 74. Throughout April of 2006, Falbo repeatedly told Messner that she would not give him a renewal form because all home businesses were now required to be inspected and he had refused inspection. *Id.* at ¶ 77. Messner asserts that no village ordinance requires such an inspection. *Id.* at ¶ 78. On April 30, 2006, Messner finally applied for a renewal of his home business license, and Mortiz denied the application. *Id.* at ¶ 80.

Messner further asserts that he has reason to believe that all other residents, property owners, and business licensees have been treated differently. *Id.* at ¶¶ 85-87, 95-96. In particular, the Village did not require other home business owners to have an inspection before the renewal of their licenses. *Id.* at ¶ 95. Messner notes that the Village's April 6, 2006 notice to all business licensees makes no statement requiring them to have their businesses inspected prior to renewal. *Id.* at ¶ 97.

Messner further asserts that Mayor Calderone directed Village officials to refuse to acknowledge his complaints regarding building code violations, to demand inspection of his

4

property, to refuse to renew his home business license, and to refuse to answer FOIA requests he filed requesting copies of all home business licenses and identification of each business. *Id*. at ¶¶ 88-93.

## STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

### Messner's "Class of One" Equal Protection Claim

Messner alleges that Defendants violated his equal protection rights under the Fourteenth Amendment. Messner attempts to proceed under a class of one equal protection theory. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("[T]he number of individuals in a class is immaterial for equal protection analysis."). According to the Seventh Circuit, class of one equal protection cases are those "in which the plaintiff does not claim to be a member of a class that the defendant discriminates against, but argues only that he is being treated arbitrarily worse than some

5

one or ones identically situated to him." *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005). To state such a claim, the plaintiff must allege that: (1) the defendant intentionally treated the plaintiff differently from others who are similarly situated; and (2) there is no rational basis for the different treatment or the cause of the different treatment is based on the defendant's "totally illegitimate animus" toward the plaintiff. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 638 (7th Cir. 2007). A "similarly situated" individual is defined as "someone who is prima facie identical in all relevant respects." *See Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). While the existence of similarly situated comparators is generally a question of fact, *see McDonald v. Vill. of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004), a complaint is subject to dismissal pursuant to Rule 12(b)(6) when the plaintiff fails to allege that he was treated differently than similarly situated individuals, *see Stachowski*, 435 F.3d at 1078-79.

Messner's original Complaint failed to adequately state a class of one Equal Protection claim because he failed to assert that he was treated differently than others similarly situated. However, in his First Amended Complaint, Messner specifically alleges that he was treated differently than "all other residents, property owners, and business licensees." First Am. Cmpl. at ¶¶ 85-87. Most notably, Messner alleges that "no other Forest Park Home Business Licensee was required to have an inspection prior to the receipt of their Renewal Notice" nor were they "denied the renewal of their license by failing to submit to an unlawful inspection." *Id*. at ¶¶ 94-95. Also, Messner alleges that an April 6, 2006 notice to all business licensees does not mention that inspections are required prior to license renewal. *Id*. at ¶ 97. Although Messner must eventually meet a heavy burden in establishing that such individuals are actually similarly situated, *see McDonald*, 371 F.3d at 1003,

these allegations are adequate at this stage to state an Equal Protection claim under a class of one theory, *see Stachowski*, 425 F.3d at 1078; *Esmail v. Macrane*, 53 F.3d 176, 179 (7th Cir. 1995), and the Motion to Dismiss is denied.

## Messner's Municipal Liability Claim against the Village

The Village seeks dismissal of Messner's §1983 municipal liability claim. A municipal government cannot be held liable under §1983 "unless the deprivation of constitutional rights is caused by municipal policy or custom." *Harden Food & Liquor, Inc. V. City of Chi.*, 2004 U.S. Dist. LEXIS 25934, 4 (N.D. Ill. 2004); citing *Kujawski v. Board of Comm'rs of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). To establish a policy or custom, a plaintiff must allege: (1) an express policy; (2) a widespread practice that is so permanent and well-settled to have the force of law; or (3) that the constitutional injury was caused by a person with final policymaking authority. *Id.*; *see also Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). In his original Complaint, Messner failed to allege a municipal policy or custom. However, in his First Amended Complaint, Messner alleges that the employees who violated his equal protection rights acted under the direction of Mayor Calderone. First Am. Cmpl. at ¶¶ 87-89, 91-93. Also, Messner specifically alleges that Mayor Calderone himself both filed a criminal complaint against him and refused to answer his May and June 2006 FOIA requests regarding home business licenses. *Id.* at ¶¶ 56-57, 91-93. Messner alleges that the Mayor has final policymaking authority in the Village and at this stage of the proceedings, the Court takes that statement as true. In the context of a Motion to Dismiss, these allegations are sufficient to state a claim for municipal liability, and the Motion to Dismiss is denied.

## Messner's State Law Claim of Retaliatory Eviction

This Court has jurisdiction over Messner's state law claim for retaliatory eviction pursuant to its supplemental jurisdiction under 28 U.S.C.A. §1367. However, the statute of limitations under Illinois's Tort Immunity Act bars this action. 745 ILCS 10/8-101(a). Specifically, the Tort Immunity Act sets forth a one year statute of limitations on all civil actions for an injury, except those specifcially noted, brought "against a local entity or any of its employees." *Id*. Here, Messner's cause of action for retaliatory eviction accrued in March of 2005 when he left the original residence, and his original Complaint was not filed until February 15, 2007. First Am. Cmpl. at ¶¶ 24-28. Thus, the claim is barred by the statute of limitations and the Motion to Dismiss is granted with prejudice.

## Failure to Prosecute Building Code Violations

This Court has jurisdiction over Messner's state law claim for failure to prosecute building code violations pursuant to its supplemental jurisdiction under 28 U.S.C.A. §1367. Again, however, the one-year statute of limitations under Illinois's Tort Immunity Act bars this action. 745 ILCS 10/8-101(a). Messner left the original residence, the property he alleges suffered from building code violations, in March of 2005. First Amended Cmplt. at ¶ 28. In addition, he alleges that the Village acted to correct the alleged violations in April of 2005. *Id*. at ¶ 53. Again, Messner did not file a complaint until February 15, 2007, and thus his claim is barred by the statute of limitations, and the Motion to Dismiss is granted with prejudice.

For the reasons stated above, the Village and the Employees' Motion to Dismiss Messner's class of one equal protection claim and the Village's Motion to Dismiss Messner's municipal

liability claim are denied. Defendants' Motion to Dismiss Messner's retaliatory eviction and failure to prosecute building code violations claims are granted with prejudice. All claims against the Employees in their official capacity remain dismissed with prejudice based on the Court's earlier decision.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: March 13, 2008