# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 893 | **DATE** | 4/26/2011 |
| **CASE TITLE** | Messner vs. Calderone et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Messner's Motions to Reconsider and his Motion to Recuse.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff William Messner ("Messner") moves the Court to reconsider its previous order denying his motion to reconsider; reconsider its previous decision denying him leave to file a Second Amended Complaint; and to recuse itself pursuant to 28 U.S.C. §§ 455(a), (b). For the following reasons, the Court denies Messner's motions.

Messner, in his motions, correctly noted that a district court may hear a Rule 60(b) motion after an appellate court has issued its mandate in a case. *See Standard Oil Co. Of Cal. v. U.S.*, 429 U.S. 17, 18-19 (1976) (holding that a district court could entertain a Rule 60(b) motion based on events that occurred after the Supreme Court issued its mandate without first taking leave from the Supreme Court); *see LSLJ P'ship v. Frito-Lay, Inc.*, 920 F.2d 476, 478 (7th Cir. 1990) (finding that "a change in law is an event arising after the appellate court mandate" and that "a district court has jurisdiction to address a change in law without 'flouting the mandate' of the appellate court.").

Here, however, Messner bases his Rule 60(b) motion on evidence that he obtained through the Defendant-Appellees's response brief, filed on December 23, 2010 as a response to Messner's appeal. The evidence that Messner is relying on—evidence disclosed by the Defendant-Appellees to the Seventh Circuit on December 23, 2010—was therefore not only available to the appellate court, but was explicitly presented to the appellate court before it issued its ruling on February 9, 2011. As such, Messner's reliance on *Standard Oil* is unavailing because his Rule 60(b) motion is not based on evidence discovered after the Seventh Circuit issued its ruling or on a subsequent change in law. *See LSLJ*, 920 F.2d at 478.

Messner has presented no new evidence that was not presented to the appellate court before it affirmed this Court's grant of summary judgment to defendants. The Court therefore denies Messner's

## STATEMENT

Motion to Reconsider his Motion to Reconsider and Vacate Summary Judgment and denies his Motion to Reconsider his Motion for Leave to File a Second Amended Complaint.

The Court also denies Messner's Motion for Recusal. Messner describes the Court's "history of antagonism" and specifically notes the Court's evidentiary rulings and final judgment as evidence of its impartiality. Messner, however, fails to note that the Court's evidentiary rulings and final holding were affirmed by the Seventh Circuit, which noted that Messner's "arguments concerning the district court's treatment of the evidence at summary judgment" lacked merit. *Messner v. Calderone*, 2011 WL 463033 at *2 (7th Cir. Feb. 9, 2011). Messner does not cite to any precedent finding impartiality or a need to recuse where a court denied a motion to reconsider a decision that had been upheld by the appellate court, or where a court denied a motion to file a Second Amended Complaint seventeen months after the case was closed.

For the reasons stated, the Court denies Messner's Motions to Reconsider and his Motion to Recuse.